**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2082**

_____

GUANG LU,

                                        Plaintiff - Appellant,

        versus

ZURICH AMERICAN INSURANCE COMPANY,

                                        Defendant - Appellee,

        and

NEW YORK LIFE INSURANCE COMPANY,

                                        Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CA-
01-2103-PJM)

_____

Argued:  September 30, 2004        Decided:  November 10, 2004

_____

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ARGUED:** John Umana, Washington, D.C., for Appellant.  David Drake
Hudgins, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Plaintiff Guang Lu brought this action against his insurance carrier, Zurich American Insurance Company, and former employer, New York Life Insurance Company, for bad faith and breach of contract, respectively. The district court denied Zurich's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and denied New York Life's motion for summary judgment. At Zurich's request, the district court then entered final judgment for Lu against Zurich for nominal damages in the amount of one dollar, which Lu appeals. We vacate and remand.

I.

According to the Amended Complaint, Lu was employed as a life insurance agent and securities trader with New York Life and purchased an Errors and Omissions insurance policy from Zurich. In September 2000, Dr. Xuejiao Hu filed a complaint with the Securities Division of the Maryland Attorney General's Office, claiming that Lu had conducted unauthorized trading in her New York Life and Charles Schwab accounts and that, as a result, she had incurred approximately $80,000 in trading losses. Upon learning of Dr. Hu's allegations, New York Life terminated Lu's employment.

In January 2001, the Securities Division instituted an administrative action against Lu, alleging violations of securities regulations. Zurich issued a preliminary coverage letter for the

3

claims of Dr. Hu and assigned counsel to defend Lu in the administrative action, but later withdrew its defense of Lu in the administrative action. Lu denied the charges lodged by Dr. Hu and the Securities Division.

In March 2001, Zurich and New York Life negotiated a settlement of Dr. Hu's claims against Lu and New York Life for $80,000, under which Zurich and New York Life each paid $40,000 to Dr. Hu. Dr. Hu executed a General Release and agreed to contact the "Securities Division, informing it in writing that her complaint has been resolved amicably <u>and notifying it that said complaint has been dropped</u>." J.A. 22 (quoted in Amended Complaint). Lu was never consulted or informed of the settlement negotiations.

Shortly after executing the General Release, Dr. Hu wrote the following letter to the Securities Division:

> I am writing this letter to inform you that I and NY Life have reached an amicable agreement on settling the complaint I filed to your office against Mr. Guang Lu and NY Life last year. <u>I appreciate very much for your help in resolving this matter</u>.

J.A. 21-22 (quoted in Amended Complaint). According to the Amended Complaint, however, the Securities Division maintained "that Dr. Hu had <u>not</u> dropped her complaint, notwithstanding her General Release, and the [administrative] case on that premise proceeded to trial, causing significant additional damages and costs to Guang Lu." J.A. 22.

4

Lu alleged, inter alia, that Zurich had breached its duty of good faith by failing to consult with him before settling the claim with Dr. Hu, by failing to inform him of the proposed $80,000 settlement with Dr. Hu, and by allowing Dr. Hu to receive the settlement proceeds, including the $40,000 contribution from Zurich under Lu's policy, without first obtaining Dr. Hu's compliance with the terms of the General Release. In lieu of answering, Zurich filed a Rule 12(b)(6) motion to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.[1]

The district court held a hearing on Zurich's motion to dismiss. Zurich argued that, because it had no duty under the policy to obtain Lu's consent to a settlement, it also had no duty to consult with Lu during the course of settlement negotiations or to inform him of the settlement. The district court disagreed, ruling that the trier of fact might find that Zurich breached a duty to consult with Lu during the representation and settlement process, even if the policy did not require Zurich to obtain his ultimate consent to the settlement.[2] Although the district court also indicated that damages for this technical breach would likely

---

[1] New York Life filed a motion for summary judgment, which was denied. After the district court entered final judgment against Zurich, Lu and New York Life filed a consent motion to dismiss all claims against New York Life with prejudice.

[2] We express no opinion as to whether Zurich had a duty to consult with Lu before settling Dr. Hu's claim. The district court denied Zurich's motion to dismiss the bad faith claim and the issue of Zurich's duty to Lu is not before us.

5

be nominal, it declined to entertain the question at the time because Lu had not moved for summary judgment on the liability issue.

Within days, however, the district court entered a written order denying Zurich's motion to dismiss, with the added proviso that "to the extent that the trier of fact may conclude that Zurich had a duty to consult with Plaintiff before settling the claim of Dr. X Hu, Plaintiff shall be limited to the recovery of nominal damages for the breach of same." J.A. 53-54. The district court set forth no discussion as to why Lu was properly limited to the recovery of nominal damages based upon Zurich's Rule 12(b)(6) motion. The court entered a scheduling order setting a discovery cut-off date of August 7, and a dispositive pretrial motions deadline of September 8.

In May 2003, Zurich filed a "Motion for Entry of Judgment" in the district court, contending that Lu's damages had been conclusively established by virtue of district court's prior order denying Zurich's Rule 12(b)(6) motion. J.A. 55. In the motion, Zurich offered to consent to entry of a judgment against it for its failure to consult with Lu prior to settling the claim if the court would award nominal damages in the amount of one dollar. Lu opposed the motion, asserting that it was procedurally improper under Rule 54(b) of the Federal Rules of Civil Procedure because the order denying Zurich's motion to dismiss was interlocutory and

6

"subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Additionally, Lu argued that entry of judgment was improper because a reasonable jury could conclude that the costs he incurred in defending the administrative action were proximately caused by Zurich's breach of its duty of good faith. According to Lu, the letter Dr. Hu wrote, advising the Securities Division that she "ha[d] reached an amicable agreement on settling the complaint" with New York Life, J.A. 21, was insufficient to satisfy her promise to "inform[] [the Securities Division] in writing that her complaint ha[d] been resolved amicably and . . . that said complaint ha[d] been dropped," J.A. 22 (quoted in Amended Complaint). Lu intended to demonstrate that, had he been consulted by Zurich, he could have taken steps to ensure that Dr. Hu dropped her administrative complaint as well as her civil claims, as she was required to do under the terms of the General Release, prior to her receipt of the settlement proceeds paid by Zurich on his behalf.

On June 18, the district court, without further hearing, granted Zurich's motion for judgment as to liability with regard to its duty to consult with Lu, but denied Zurich's request that judgment be entered against it for nominal damages. According to the district court:

> [it] has made no finding heretofore as to what
> damages would attach to Zurich's breach of its

7

> duty to consult, having merely speculated that such damages were likely to be "nominal." That characterization, hardly the "law of the case" as Zurich contends, is always subject to revision as the case goes forward. Since the case will go forward as to Defendant New York Life, it will not greatly inconvenience Zurich to remain in the case at the same time. It may well eventuate that Guang Lu is only entitled to nominal damages after all. But <u>in the course of the proceedings, especially to the extent that Dr. Hu's testimony is developed, a fuller picture of the events will be possible</u>.

J.A. 55-56 (emphasis added).

Pointing to the language regarding nominal damages set forth in the district court's order denying its Rule 12(b)(6) motion, Zurich promptly filed a motion for reconsideration of its request that final judgment be entered for nominal damages. In the alternative, Zurich argued that the district court should vacate its June 18 final judgment as to liability because Zurich had <u>only</u> agreed to consent to judgment on liability <u>if</u> the plaintiff were limited to nominal damages. Because nominal damages were not awarded, Zurich sought to retrieve its right to contest liability before a jury.

On July 16, the district court granted Zurich's motion for reconsideration, vacated the June 18 order, and entered final judgment in favor of Lu against Zurich for nominal damages in the amount of one dollar. The district court again offered no explanation as to why Lu's Amended Complaint failed to state a claim for compensatory damages, stating only that it had mistakenly

8

indicated in the June 18 order that there had been no prior finding as to such damages.

## II.

On appeal, Lu asserts that the district court erred in entering final judgment against Zurich for nominal damages based solely upon its prior order denying Zurich's motion to dismiss the Amended Complaint for failure to state a claim. We agree.

## A.

As an initial matter, we hold that the district court erred in entering the order denying Zurich's Rule 12(b)(6) motion as a final judgment under Rule 54(b). Rule 54(b) provides that:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Neither the district court nor Zurich points us to the procedural rule upon which the district court's "Entry of Judgment" rests. Zurich represents that its motion was

9

not made pursuant to Rule 54(b), but offers no alternative rule upon which it might rest, and admits that the final judgment is based upon matters beyond the four corners of the complaint and the earlier Rule 12(b)(6) ruling. We can identify no procedural vehicle for the entry of judgment other than Rule 54(b).

Pertinent to this appeal, Zurich has filed only two motions -- the Motion to Dismiss under Rule 12(b)(6) and the "Motion for Entry of Judgment." The district court's order enters "a Final Order of Judgment in favor of Plaintiff Guang Lu and against Defendant Zurich." J.A. 58. In doing so, the district court proceeded under the presumption that Zurich had moved for the entry of judgment "so that an immediate appeal can be taken by [it]," J.A. 55, and expressly noted that the judgment entered was indeed "FINAL as to Defendant Zurich American Insurance Company only, not as to Defendant New York Life Insurance Company." J.A. 60. Thus, we are satisfied that the district court intended to enter its March 25 order denying Zurich's Rule 12(b)(6) motion under Rule 54(b) as a final one for our review.[3]

---

[3] As correctly asserted by Lu, the district court's order denying Zurich's Rule 12(b)(6) motion could only be appealed upon the district court's entry of a final judgment as to Zurich only, splitting the case away from New York Life under Rule 54(b), "upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). Until that time, the decision was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. Although the district court made no such "express determination," Lu's subsequent filing of a consent motion dismissing the claims against New York Life with prejudice renders

10

The district court erred, however, because its Rule 12(b)(6) order, standing alone, cannot suffice as a final order of judgment against Zurich. The district court's order plainly denied Zurich's Rule 12(b)(6) motion to dismiss the bad faith cause of action for failure to state a claim. Thus, even if we could construe the order as one that granted Zurich's 12(b)(6) motion in part regarding compensatory damages, there remains a stark gap between the district court's Rule 12(b)(6) order and the district court's final order of judgment under Rule 54(b). There is no prior order establishing liability on Zurich's part in Lu's favor at all, only a determination that a trier of fact might find that Zurich breached a duty on its part to consult with Lu before settling.

We also reject Zurich's attempt to have us construe its motion to enter judgment as a motion under Rule 54(b) <u>and</u> as an admission of liability which paved the way for the district court to enter the Rule 12(b)(6) order on damages as final. Even if we were to allow a Rule 54(b) motion to serve as a proper procedural vehicle for a defendant to admit, for the first time, allegations of liability set forth in a complaint, Zurich has not done so. Zurich has made it plain that it does <u>not</u> admit liability and that its admission of liability was wholly contingent upon all damages being limited to one dollar. Rule 54(b) provides a procedural vehicle for a district court to enter a prior order as a final judgment, in

---

the Rule 12(b)(6) order final as to Zurich in any event.

11

order that an appeal as to fewer than all claims or all parties may proceed; it does not provide a procedural vehicle for a defendant to confess judgment or otherwise admit liability contingent upon the district court limiting the award of damages against it.[4] Accordingly, the district court erred in entering its Rule 12(b)(6) order as a final judgment <u>against</u> Zurich under Rule 54(b).

## B.

Even if we were to construe the district court's Rule 12(b)(6) order as one that granted Zurich's motion to dismiss Lu's claim for compensatory damages and accept Zurich's conditional motion for the entry of judgment for nominal damages as a proper filing under Rule 54(b), the entry of judgment also cannot stand. The district court erred in concluding that Lu had failed to state a claim for compensatory damages in his Amended Complaint.

We review a district court's dismissal of a complaint under Rule 12(b)(6) under well-established standards. "[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set

---

[4] At oral argument, counsel for Zurich suggested that we might construe its motion as an "Offer of Judgment" under Fed. R. Civ. P. 68. The plain language of that rule reveals that it too cannot apply to the circumstances here.

12

of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

The Amended Complaint alleges that Zurich breached its duty of good faith by failing to consult with Lu before settling Dr. Hu's claim and inform him of the settlement, and by giving Dr. Hu the settlement proceeds before she notified the Securities Division that she was dropping her complaint. These failures, Lu alleges, "deprived him of an[y] opportunity to assure that Dr. Hu in fact had complied with the specific terms and requirements of the General Release, before they gave her [the] $80,000." J.A. 24.

At the hearing, the district court rejected Zurich's argument that it had no such duty to Lu, but proceeded to engage counsel in an extended discussion of what damages Lu might prove were he to prevail on the liability issue before the trier of fact. In doing so, the court and parties ventured far beyond the allegations of the Amended Complaint, upon which a Rule 12(b)(6) dismissal must rest, and well into factual representations, assumptions, and speculations that may or may not be the subject of ultimate dispute upon an evidentiary record.

By way of example, Lu argued that, had he known about the settlement negotiations before Dr. Hu recouped her money, he could have retained personal counsel, and ensured that Dr. Hu dropped the complaint against him, thereby avoiding the substantial litigation costs associated with defending that action. In response, Zurich

13

counter-argued that Lu could have done nothing because the Securities Division was at liberty to pursue its action whether or not Dr. Hu dropped her complaint. Because Lu would not ultimately be able to establish a causal connection between his costs of defending the administrative action and Zurich's failure to consult with him during the settlement negotiations, Zurich argued that an award of only nominal damages was proper.

The flaw in Zurich's position on appeal is that Zurich did not move for summary judgment on the issue of compensatory damages below, asserting that Lu, having been given the opportunity, failed to make a sufficient evidentiary showing of his entitlement to such damages should he prevail on the bad faith claim. Rather, Lu was asked to explain, well in advance of the discovery cut-off and dispositive motions date, and in the context of a 12(b)(6) hearing, what damages he sought to recover and what facts might causally link such damages to his liability allegations. At no time did the district court advise the parties that it intended to convert Zurich's Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. Thus, there was no notice or opportunity given to Lu to produce affidavits or other evidence in support his stated claim for compensatory damages. See Fed. R. Civ. P. 56(c) (Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

14

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). For example, although there is an allegation that the Securities Division advised Lu that, contrary to the requirements in the General Release, Dr. Hu did <u>not</u> drop her complaint after the settlement was finalized, there was no evidence in the record regarding the Securities Division's position on the settlement or its usual course of action in situations where a complainant actually drops a complaint and declines to cooperate further. Nor, as the district court noted in its vacated order, was there evidence as to the position or actions taken by Dr. Hu following her execution of the Release.[5]

To conclude, we express no opinion as to whether Lu can ultimately establish a claim for compensatory damages should a jury determine that Zurich acted in bad faith, or whether Lu's claim for

---

[5]      Because we review this matter under Rule 12(b)(6), prior to the completion of discovery and upon an incomplete record, we can only speculate as to what facts might have surfaced to support a claim for compensatory damages. As an example of the manner in which the hearing wandered far beyond the allegations of the Amended Complaint, however, we note representations made by counsel at the Rule 12(b)(6) hearing to the effect that Dr. Hu not only failed to notify the Securities Division that she was "dropping" her complaint as required, but also appeared in Maryland to testify against him in the administrative proceedings. This led to disputed factual claims by Zurich that Dr. Hu was subpoenaed to do so, beyond her control, as well as the contrary claim by Lu that she was beyond the subpoena power of the Maryland courts. We also note that, during oral argument before us, Lu's counsel represented that he had discovered, <u>after</u> the final entry of judgment, that the Securities Division <u>was</u> notified of the settlement negotiations between Dr. Hu, New York Life, and Zurich, <u>and</u> participated in those negotiations.

damages can survive a properly filed motion for summary judgment. At this juncture, it appears that Lu contends only that Zurich's bad faith failure to inform him of the settlement negotiations proximately caused him to incur damages in the form of the costs of defending and trying the administrative case. Such damages may ultimately prove to be unrecoverable. However, taking the allegations in the Amended Complaint as true and construing them in the light most favorable to Lu, we cannot say beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to compensatory damages of more than one dollar.

## III.

For the foregoing reasons, we vacate the district court's order entering judgment for Lu against Zurich for nominal damages and reverse the district court's Rule 12(b)(6) order to the extent it limits Lu's recovery to nominal damages. We remand the case to the district court for further proceedings consistent with this opinion.

<u>VACATED AND REMANDED</u>

16